UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE FORD ) | |
|     Plaintiff, ) | |
| ) | Case No. 14 cv 6242 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| THE ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Ford brought this civil rights action pursuant to 42 U.S.C. § 1983 against the Illinois Department of Corrections ("IDOC"), S.A. "Tony" Godinez, Director of the IDOC, Stephen Duncan, in his official capacity as Warden of the Lawrence Correctional Center, Shannis Stock, in her official capacity as Chief of Programs and Support Services of the IDOC, and two "John Doe" IDOC officers, individually and in their official capacities (collectively the "Defendants"). Defendants move to dismiss for lack of proper venue or, in the alternative, to transfer the matter to the United States District Court for the Southern District of Illinois. For the foregoing reasons, the Court finds that venue is improper in the Northern District of Illinois, and that the more appropriate venue for this matter lies in the Southern District of Illinois. Therefore, the Court transfers the matter to the Southern District.

**BACKGROUND**

Ford began serving his eight year sentence in September 2010. He claims Defendants were deliberately indifferent to his serious mental health needs (Count I), subjected him to unconstitutional conditions (Count II), violated his liberty and property rights to mental health treatment in violation of his Fourteenth Amendment due process rights (Count III), violated Section 504 of the Rehabilitation Act (Count IV), and that he is entitled to declaratory and injunctive relief, asking the Court to order Defendants to provide Ford with adequate mental health care (Count V). All of Ford's claims surround the alleged deprivation of mental health services throughout his imprisonment in various IDOC facilities, "and in particular since his arrival at Lawrence Correctional Center[.]" Complaint, ¶ 22. During his incarceration, Ford has

resided in the Dixon Correctional Facility psychiatric facility in Dixon, Illinois. The Dixon facility is located in Lee County[1], in the Western Division of the Northern District. 28 U.S.C. § 93(a)(2). Ford also resided at Western Illinois Correctional Center, which is located in Brown County[2] in the Central District. *Id.* at § 93(b). Ford was transferred from Western to the Pontiac Correctional Center, located Livingston County[3] in the Central District. From there, Ford was transferred to Lawrence Correctional Center in Lawrence County[4], which is located in the Southern District of Illinois. 28 U.S.C § 93(c). Ford has been at the Lawrence facility since July 2013.

While an inmate at Western, Ford alleges that because he was deprived of mental health medication, he suffered hallucinations and paranoid delusions which culminated in a fight with his cellmate. Ford further contends that during the fight, officers "severely" beat him, causing injuries to his face and upper body that required medical treatment. Complaint ¶¶ 31-32. Ford received a "ticket" for fighting with correctional officers and was held in solitary confinement for one year and lost one year of "good time" credit. *Id.* at ¶ 33. Therefore, Ford also seeks the restoration of his good time credit. *Id.* ¶ 65(C).

Defendants move to dismiss the complaint for lack of venue pursuant to 28 U.S.C. § 1406(a), or, in the alternative, to transfer the matter to the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a).

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1391(b), a Section 1983 civil rights action may be brought only in (1) a judicial district in which any defendant reside- if all defendants are residents in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. When an action is brought in a district court in which venue is improper, the court may either dismiss the action or it may transfer the action to a federal district or division in which it could have been brought. 28 U.S.C. § 1406(a). If the action is brought in a

---

[1] See http://www2.illinois.gov/idoc/facilities/pages/dixoncorrectionalcenter.aspx.
[2] See http://www2.illinois.gov/idoc/facilities/pages/westernillinoiscorrectionalcenter.aspx.
[3] See http://www2.illinois.gov/idoc/facilities/Pages/pontiaccorrectionalcenter.aspx.
[4] See https://www2.illinois.gov/idoc/facilities/Pages/lawrencecorrectionalcenter.aspx

proper venue, the court may transfer the action based on lack of convenience. See 28 U.S.C. §1404(a).

**DISCUSSION**

Ford contends venue is proper in the Northern District because IDOC Director Godinez resides and maintains an office in the Northern District. However, Defendant Godinez is considered to reside in the Central Division because he performs his duties as an official in Springfield, Illinois. *See Johnson–Ester v. Schwarzenegger,* No. 09 C 5384, 2010 WL 1257787, at * 3, (N.D. Ill. March 25, 2010) (Dow, J.) (for purposes of venue, residence is where the official performs his duties). Ford also argues that because he resided at Dixon Correctional Center, located within the Northern District, venue is therefore proper in the Northern District. Ford only contends that his medication was "inexplicably changed" while at Dixon. He does not allege any particular violation during his time at Dixon. Because no Defendant resides in the northern district and no substantial part of the acts and omissions giving rise to Ford's Complaint occurred in the Northern District, venue is improper here. The Court further finds that venue is proper in the Southern District of Illinois, where Ford currently resides at Lawrence Correctional Center, Ford contends the deprivation of mental health services and treatment have occurred, and continue to occur, and where Ford seeks declaratory relief in the form of proper mental health treatment and medication.

**CONCLUSION**

Accordingly, the Court transfers the matter to the Southern District of Illinois.

It is so ordered.

December 1, 2014

Date

Sharon Johnson Coleman

U.S. District Judge