IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1398-SMY |
| ) | |
| THE ILLINOIS DEPARTMENT of ) | |
| CORRECTIONS, ) | |
| S.A. "TONY" GODINEZ, ) | |
| STEPHEN DUNCAN, ) | |
| SHANNIS STOCK, ) | |
| OFFICER JOHN DOE #1, ) | |
| and OFFICER JOHN DOE #2, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC"), and is currently incarcerated at Lawrence Correctional Center ("Lawrence"). His civil rights action under 42 U.S.C. § 1983 was originally filed by counsel in the Northern District of Illinois on August 13, 2014, under Case Number 14-cv-06242. All identified Defendants were served with process, and they promptly moved to dismiss the action or to transfer venue (Doc. 13). The Northern District granted the venue transfer on December 1, 2014, because no Defendant resides in the Northern District, and no substantial part of the events underlying the complaint occurred there (Doc. 22, p. 3). The court further found that venue is proper in the Southern District, because Plaintiff alleges that he has been and continues to be deprived of mental health treatment at Lawrence. The matter was transferred to this Court on December 22, 2014 (Doc. 24).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

## The Complaint

Plaintiff alleges that he has been diagnosed with several severe mental illnesses, including bipolar depression type I, panic disorder, schizophrenia, and agoraphobia. His symptoms include hearing imaginary voices and having paranoid delusions. He has attempted suicide twice during his current incarceration, as well as on two prior occasions (Doc. 1, p. 4). He also suffers from hepatitis C. When properly treated, his mental health can be stabilized, but in the absence of adequate treatment, he is a danger to himself.

In September 2010, Plaintiff was sentenced to serve eight years in IDOC custody for aggravated driving under the influence (Doc. 1, p. 5). During his incarceration, he has received only sporadic treatment for his mental health conditions, and has been denied necessary psychiatric medication for days at a time. The lack of consistent medication has caused his condition to deteriorate. In July 2012, while Plaintiff was at Western Illinois Correctional Center, his hallucinations and paranoid delusions let to a fight with his cellmate (Doc. 1, p. 6). Following that incident, he was severely beaten and injured by unknown guards, and received a disciplinary ticket for fighting with the officers. Plaintiff's punishment included the loss of one

year of good conduct credits. He was disciplined with a year in solitary confinement in Pontiac Correctional Center, and was then transferred to Lawrence in July 2013.

He contends that Lawrence officials continue to deprive him of proper psychiatric care, and have failed to properly administer his medications (Doc. 1, p. 7). Further, he has been given no treatment for his hepatitis C, thus placing him at risk for liver damage and other complications (Doc. 1, p. 6).

Plaintiff requests declaratory and injunctive relief for the Defendants' violations of the Eighth and Fourteenth Amendments, as well as the Rehabilitation Act. He specifically seeks an order requiring Defendants to provide him with adequate mental health care and treatment, and requiring them to restore the good time credits that were revoked as a result of the July 2012 disciplinary action (Doc. 1, pp. 11-12).

**Discussion**

The complaint outlines the following five counts:

**Count I** – Deliberate Indifference to Serious Mental Health Needs in Violation of the Eighth and Fourteenth Amendments;

**Count II** – Unconstitutional Conditions for Plaintiff in Violation of the Eighth and Fourteenth Amendments;

**Count III** – Violation of State-Created Liberty or Property Interest Under the Fourteenth Amendment;

**Count IV** – Violation of Section 504 of the Rehabilitation Act;

**Count V** – Declaratory and Injunctive Relief.

(Doc. 1, pp. 9-12).

Having fully considered the factual allegations and legal authority set forth in the complaint in light of 28 U.S.C. § 1915A, the Court finds that Plaintiff may proceed on each of his claims in Counts I through V, with one exception.

Plaintiff's loss of one year of good time credits implicates a liberty interest because the revocation of those credits affects the length of his sentence.  However, the proper method for challenging the revocation of good time credit is in a habeas corpus action pursuant to 28 U.S.C. § 2254, not a civil rights action under § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484-85, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (a petition for a writ of habeas corpus is the proper route for a prisoner seeking "a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation").  Furthermore, a federal habeas corpus claim may only be brought after Plaintiff has first exhausted his remedies through the Illinois state courts, unless he can show cause and prejudice for failing to exhaust.  *See* 28 U.S.C. § 2254(b)(1); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)); *see also* 735 ILL. COMP. STAT. 5/14-101 *et seq*.  The State of Illinois must first be afforded an opportunity to consider the merits of Plaintiff's claim for the restoration of his good conduct credits, before he may pursue that claim in this Court.  Accordingly, the portion of **Count V** which seeks restoration of Plaintiff's one year of good time credits shall be dismissed without prejudice to Plaintiff bringing that claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**Disposition**

The portion of **COUNT V** which seeks restoration of Plaintiff's good time credit is **DISMISSED** for failure to state a claim upon which relief may be granted.  The dismissal of this claim is without prejudice to Plaintiff bringing the claim in a properly filed habeas corpus action, *after he has exhausted his state court remedies*. All other portions of **COUNT V** shall proceed for further review, along with **COUNTS I - IV**.

Those Defendants who have been served are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: January 6, 2015**

s/ STACI M. YANDLE  
United States District Judge
